Glen F. Olives (SBN 196854)
golives@tedgreenelaw.com
Matthew C. Briggs (SBN 310449)
mbriggs@tedgreenelaw.com
THE LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110
Sacramento, CA 95811
Tel.: (916) 442-6400
Fax: (916) 266-9285

Attorneys for Defendants,
CLINT DINGMAN, ROBERT PUCKETT, SR., MICHELE HANSON,
MELISSA TULLEDO, HORNBROOK COMMUNITY SERVICES
DISTRICT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Roger Gifford,<br><br>   Plaintiff,<br><br>vs.<br><br>Clint Dingman; Robert Puckett, Sr.; Michele Hanson; Melissa Tulledo; Hornbrook Community Services District; Bruce's Towing/Radiator & Dismantling; John Does 1-20,<br><br>   Defendants. | Case No.: 2:21 CV 1726-KJM-DMC-PS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>[Fed. R. Civ. P. 55(c)]<br><br>*[Filed concurrently with Notice of Motion and Motion; Declaration of Robert Puckett, Sr.; Declaration of Glen F. Olives]*<br><br>Date:  January 5, 2022<br>Time:  10:00 a.m.<br>Courtroom: 304<br>Judge:  Hon. Dennis M. Cota<br><br>Complaint Filed: September 22, 2021 |

/ / /

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed a lawsuit against Defendants on September 22, 2021. According to the proof of service filed with this Court, Defendants were served on or about October 5, 2021 (Decl. Puckett, ¶3). The Clerk entered default against the Defendants Clint Dingman, Michele Hanson, Robert Puckett, Sr., and Melissa Tulledo on November 3, 2021. Plaintiff's Request for Entry of Default against Defendant Hornbrook Community Services District ("the District") was declined.

The Defendants, through the District's President, Robert Puckett, Sr., took the following actions in response to the lawsuit:

1. The individual Defendants agreed that Mr. Puckett would be the point of contact for the District and its members in retaining counsel and responding to the lawsuit (Decl. Puckett, ¶5(a)).

2. Mr. Puckett notified the District's liability insurance carrier, Kinsale Insurance Company, of the lawsuit and requested coverage (Decl. Puckett, ¶5(b)).

3. While Mr. Puckett was having conversations with representatives of Kinsale about coverage issues he also began searching for a law firm to represent all Defendants, speaking with representatives of three firms who all, for varying reasons, declined to take the case (Decl. Puckett, ¶5(c)).

4. Eventually Kinsale informed Mr. Puckett that no coverage would be provided (Decl. Puckett, ¶6).

5. Mr. Puckett was eventually put in contact with present counsel which agreed to take the case. This required approval of the Board by the way of a special meeting and Counsel was retained on November 11, 2021 (Decl. Puckett, ¶7).

The delay in filing a response to this lawsuit was in no way intentional, and Mr. Puckett acted diligently in seeking counsel to respond; additionally he was under the misimpression that 60 days were allowed for a responsive pleading to be filed instead of 21 (Decl. Puckett, ¶8).

As set forth more fully below, this moving Defendant has abundant meritorious

substantive and procedural defenses to this lawsuit, including, among other things: (1) Plaintiff's entire complaint and each cause of action fails to state a claim against the Defendants; (2) this Court lack subject matter jurisdiction over the Complaint; (3) Plaintiff's Complaint is barred by the Eleventh Amendment; (4) Plaintiff fails to allege sufficient facts for a viable federal conspiracy claim; (5) Plaintiff fails to allege sufficient facts for a viable First or Fourteenth Amendment freedom of speech claim against this Defendant; (5) Plaintiff fails to allege sufficient facts for a viable section 1983 claim based on violation of due process or equal protection against the Defendants; (6) Plaintiff fails to allege sufficient facts for a viable federal retaliation claim against this Defendant; (7) Plaintiff's state law claims are barred because he has failed to allege compliance with California's Government Tort Claims Act; (8) Plaintiff is not entitled to Punitive damages; (9) many if not most of Plaintiff's claims have already been adjudicated in prior lawsuits and those claims are therefore res judicata; and (10) at all times mentioned in the Complaint all Defendants acted within all applicable state and federal laws. (Olives Decl., ¶4.)

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defenses; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); see also *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (overruled on other grounds in *Egelhoff v. ex rel. Breiner*, 532 U.S. 141, (2001)). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. *Id.*

1  However, when the moving party seeks timely relief from default "and the movant
2  has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set
3  aside the default so that cases may be decided on the merits." *Mendoza v. Wight Vineyard*
4  *Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined
5  "judgment by default is a drastic step appropriate only in extreme circumstances; a case
6  should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F2d 461, 463 (9th
7  Cir. 1984).

## III. DISCUSSION AND ARGUMENT

For the reasons set forth below, good cause exists to set aside the Clerk's Entry of Default and grant Defendants leave to file a Motion to Dismiss the Complaint.

### A. No Culpable Conduct in Defendant's Delay in Responding

The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan, supra,* at 697 (emphasis supplied.) The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.* As set forth in the accompanying declaration of Robert Puckett, Sr., Plaintiff has subjected the Defendants and many other individuals and entities in Siskiyou County to a recursive series of meritless cases in state and federal courts, the present one being the most recent iteration of irrational grievances that have rightly landed Plaintiff on the Judicial Council of California's vexatious litigant's list. After receiving notice that Gifford had once again filed a federal lawsuit and caused it to be served upon Michele Hanson, the Secretary of the Board of Hornbrook Community Services District, Mr. Puckett immediately began to search for counsel and secure the necessary funds for a retainer. (Puckett Decl. ¶5(a)-(c)). Present counsel was retained on November 11 and immediately began reviewing the pleadings and preparing for the defense of this matter. (Olives Decl. ¶3).

"Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT – Page 4 of 8

judicial decision making, or otherwise manipulate the legal process is not 'intentional'… and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98. The District is a small, rural public municipal corporation with a limited budget and beleaguered by frivolous lawsuits from this Plaintiff as well as his many of his associates. It is also constrained, as all public entities are, by the strictures of, inter alia, obtaining approval and securing funds to retain counsel in its defense. Additionally, as set forth in Mr. Puckett's declaration (¶9), he mistakenly believed the Defendants had sixty days to respond to the Complaint. As noted in *TCI Group*, courts "tend[] to consider the defaulting party's general familiarity with legal processes…as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith." *Id.*, at 699, n.6.

In sum, the Defendants, through the accompanying Declaration, have put forward a credible, good faith explanation for their failure to answer, and nothing indicates the District or its members and employees acted in bad faith or attempted to take advantage of Plaintiff. Nor did the Defendants attempt in any manner whatsoever to interfere with or manipulate the judicial process.

### B. Meritorious Defense

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy." *Mesle, supra* at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle, supra* at 1094 (quoting *TCI Group, supra* at 700).

This is not Plaintiff's first rodeo. This vexatious litigant's growing trail of frivolous lawsuits in so many California jurisdictions have all led nowhere, not unlike the stairs in the Winchester House. His prior suit against the Hornbrook Community Services District (2:15-cv-01274-MCE-AC) ended ignominiously in the Ninth Circuit, where Judge

1 England's dismissal of Plaintiff's Complaint was affirmed. While Mr. Gifford's efforts
2 might embarrass even the most accomplished sufferer of Masochistic Victim Syndrome,
3 the present Complaint is hardly an improved beacon for logic or clarity. The pleading is so
4 replete with legal conclusions and elliptical and redundant assertions and so illogically
5 organized in the form of disconnected snippets, that one is embarrassed for choice for
6 where to begin attacking its substance and form.

7 The allegations in the Complaint, where intelligible, seem to arise out of an incident
8 in which Plaintiff's vehicle was towed because Plaintiff was deliberately blocking the
9 District's water meter, then devolves into vague conspiracy allegations and the re-hashing
10 of prior claims made and disposed of in *Gifford v. Hornbrook Community Services District*
11 (2:15-cv-01274-MCE-AC), which are res judicata. (Plaintiff's forma pauperis status was
12 also revoked in *Harrell v. Hornbrook Community Services District*, 2018 WL 6039097 (9th
13 Cir. 2018).). Be that as it may, Plaintiff's Complaint fails also because – although the sheer
14 volume of verbiage is impressive – it fails to contain a "short and plaint statement of the
15 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's
16 Complaint also impermissibly names individual defendants acting in their legal capacity as
17 government officials who have qualified immunity pursuant to *Harlow v. Fitzgerald*, 457
18 U.S. 800 (1982). This Court in addition lacks subject matter jurisdiction inasmuch as the
19 Complaint seeks declaratory and injunctive relief because the Court's mandamus power as
20 set forth in 28 U.S.C. §1981 extends only to federal officials. While there is little doubt
21 that Plaintiff chose this federal forum because he has been adjudged a vexatious litigant in
22 California state courts, the Eleventh Amendment bars federal court from entertaining suits
23 brought by a private party against a state, an arm of the state, its instrumentalities, or its
24 agencies. *Los Angeles Brach NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 950
25 (9th Cir. 1983).

26 Defendants at all times acted appropriately and legally in their official capacities,
27 Plaintiff's vague conspiracy theories, where decipherable from the gibberish, fail to allege
28 any actionable 42 U.S.C. §1985 claims pursuant to *Harris v. Roderick*, 126 F.3d 1189,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT – Page **6** of **8**

1195 (9th Cir. 1989) (holding that bare allegations that a defendant conspired with another are insufficient to state a claim.) Likewise, Plaintiff's §1983 claims are almost farcical. Plaintiff, additionally, made no attempt to file a government tort claim as is required before initiating the present action.

By no means are the above defenses exhaustive illustrations of the untenable nature of Plaintiff's Complaint. Should the Court grant defendants' present motion, a properly noticed Motion to Dismiss will be brought. If this Defendant prevails on these defenses, the outcome would be contrary to the result achieved by default. Therefore, Defendant has set forth a meritorious defense and satisfied the second good cause factor.

### C. No Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. *TCI Group, supra*, at 696. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether 'plaintiff's ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk, supra* at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. *Id.* Prejudice is determined by whether a party will be hindered in pursuing its claim. *Knoebber, supra* at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties or discovery, or greater opportunity for fraud or collusion." *Audio Toys, Inc., v. Smart AV Pty Ltd.*, 2007 WL 1655793, *3 (N.D. Cal. June 7, 2007).

Here, Plaintiff would suffer no prejudice if the entry of default is set aside. Just over a week has gone by since the Clerk's entry of default was issued. Allowing the case to move forward on the merits after a very short delay would in no way prejudice Plaintiff's ability to litigate the case. The only prejudice that might result to Plaintiff by a denial of default judgment is that Plaintiff will not be able to ensure an easy victory. As no prejudice would result to Plaintiff if the Court grants the present motion, the third and final good

cause factor is satisfied.

## IV. CONCLUSION

Defendant is ready and willing to litigate this lawsuit. Defendant's delay in responding was not culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing its claims if the entry of default is set aside. Therefore, Defendants have met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against them.

Dated: November 15, 2021.                    Respectfully submitted,

LAW OFFICES OF TED A. GREENE, INC.


By: _____/s/ Glen F. Olives_____
    Glen F. Olives,
    Attorneys for Defendants
    CLINT DINGMAN, ROBERT PUCKETT, SR., MICHELE HANSON, MELISSA TULLEDO, and HORNBROOK COMMUNITY SERVICES DISTRICT