IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD, | No. 2:21-CV-1726-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| CLINT DINGMAN, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are the following motions: (1) Plaintiff's motions for default judgment, ECF Nos. 12 and 20; and (2) Defendants' motion to set aside the Clerk's entry of defaults, ECF No. 15.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on September 22, 2021. See ECF No. 1. Because Plaintiff paid the filing fees, the Court did not screen Plaintiff's pro se complaint for sufficiency. On September 23, 2021, the Clerk of the Court issued summons for Defendants Clint Dingman, Robert Puckett, Sr., Michele Hanson, Melissa Tulledo, Hornbrook Community Services District (HCSD), and Bruce's Towing/Radiator & Dismantling (Bruce's Towing). See ECF No. 2. On October 25, 2021, process was returned executed as to Defendants Dingman, Hanson, HCSD, Puckett, and Tulledo. See ECF No. 4. The return of service indicated that all were served on

October 5, 2021. See id.

On October 29, 2021, Plaintiff requested entry of defaults as to Defendants Dingman, Hanson, HCSD, Puckett, and Tulledo. See ECF No. 5. On November 1, 2021, Plaintiff requested entry of default as to Defendant Bruce's Towing. See ECF No. 6. On November 3, 2021, the Clerk of the Court entered the defaults of Defendants Dingman, Hanson, Puckett, and Tulledo. See ECF No. 7. On the same day, the Clerk of the Court declined to enter defaults for Defendants HCSD and Bruce's Towing because the record does not indicate proper service for these defendants. See ECF Nos. 8 and 9. On November 8, 2021, Plaintiff filed new returns of process for Defendants HCSD and Bruce's Towing. See ECF Nos. 10 and 11. On the same day, Plaintiff again requested entry of defaults as to Defendants HCSD and Bruce's Towing. See ECF No. 13. These defendants' defaults were entered by the Clerk of the Court on November 12, 2021. See ECF No. 14. On March 15, 2022, Defendant Bruce's Towing was dismissed pursuant to stipulation of the parties. See ECF No. 32.

Plaintiff now seeks default judgments as against Defendants Dingman, Puckett, Hanson, Tulledo, and HCSD. See ECF Nos. 12 and 20. Defendants seek to set aside all defaults entered on the docket by the Clerk of the Court. See ECF No. 15.

## II. DISCUSSION

Defaults are disfavored and, under Federal Rule of Civil Procedure 55(c), the Court has the discretion to set aside the Clerks of the Court's entry of default. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Good cause must be shown to set aside entry of default. See Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the Court considers: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the defaulting party has meritorious defenses; or (3) whether prejudice would result to the party opposing a motion to set aside the default. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The standard is disjunctive, meaning that a finding that any factor is true is sufficient reason for the Court to decline to set aside a default entered by the Clerk of the Court. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

2

1   Where, however, the party seeking to set aside entry of default has a meritorious defense, any
2   doubt should be resolved in favor of setting aside the default so the case may be decided on the
3   merits.  See Mendoza v. Wright Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986).  A case
4   should, whenever possible, be decided on the merits and not by way of the drastic step of a
5   default judgment.  See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).
6          Here, Defendants argue that there is no evidence of culpable conduct, they have
7   meritorious defenses, and no prejudice would result to Plaintiff should defaults be set aside.  See
8   ECF No. 15-1, pgs. 4-8.  The Court agrees for the reasons discussed below:
9          **A.     Culpability**
10          A defendant's conduct is culpable in the context of a default when the defendant
11  has actual or constructive notice of the filing of the action and intentionally fails to answer.  See
12  TCI Group Life, 244 F.3d at 697.  The negligent failure to answer coupled with a good faith
13  explanation does not constitute intentional conduct.  See id. at 697-98.
14          Here, the declaration of Defendant Puckett, who is President of the Board of
15  Directors for Defendant HCSD, states that he became actually aware of Plaintiff's lawsuit when
16  he was served with the complaint and other papers on October 5, 2021.  See ECF No. 15-3, pgs.
17  1-2.  According to Mr. Puckett, the other individual defendants – Dingman, Hanson, and Tulledo
18  (who are also HCSD board members) – were served on the same day.  See id. at 2.  Upon learning
19  of Plaintiff's lawsuit, Mr. Puckett took the following actions: (1) he met with the other HCSD
20  board members at which time it was agreed that Mr. Puckett would be the "point of contact" for
21  locating and retaining counsel to represent the named defendants; (2) he immediately contacted
22  HCSD's insurance carrier, Kinsale Insurance Company, and requested coverage and that counsel
23  be retained on behalf of HCSD and its board members; and (3) Mr. Puckett contacted other law
24  firms for representation, all of which declined for various reasons.  See id.  According to Mr.
25  Puckett, Kinsale Insurance Company declined coverage and present counsel for Defendants was
26  retained on November 11, 2021, following a short delay in order to obtain HCSD board approval.
27  See id.  Finally, Mr. Puckett states that he incorrectly believed that a response to the complaint
28  was due within 60 days instead of 30 days.  See id.

The Court finds that Mr. Puckett's declaration establishes that the entry of defaults in this case did not result from any culpable conduct. To the contrary, the declaration reflects a diligent effort to respond to Plaintiff's complaint by way of seeking counsel, first through HCSD's insurance carrier and then, after coverage was declined, through an outside law firm. Further, the record shows that Defendants were served on October 5, 2021, with a response due under the Federal Rules of Civil Procedure within 30 days. According to the Puckett declaration, defense counsel was retained on November 11, 2021, and the instant motion to set aside defaults was filed just four days later on November 15, 2021 – less than two weeks after expiration of the time to respond. There is nothing in the current record to suggest culpable conduct.

**B.      Defenses**

The "meritorious defense" requirement is not extraordinarily heavy. See Mesle, 615 F.3d at 1094. All that is required is the allegation of sufficient facts which, if true, would constitute a defense. See id. The veracity of such allegations is not to be determined in the context of a motion to set aside entry of defaults but is the subject of later litigation. See id. In other words, the allegations relating to potential defenses are presumed true when deciding a motion to set aside entry of default. See id.

Here, Defendants' counsel has submitted a declaration indicating various potentially meritorious defenses. See ECF No. 15-2. Specifically, counsel indicates the following possible defenses based on his investigation: (1) Plaintiff's entire complaint and each claim therein fails to state a claim upon which relief can be granted; (2) the Court lacks subject matter jurisdiction; (3) Plaintiff's complaint is barred by the Eleventh Amendment; (4) Plaintiff fails to allege sufficient facts to assert a claim based on conspiracy; (5) Plaintiff fails to allege sufficient facts to state a viable First Amendment or Fourteenth Amendment freedom of speech claim; (6) Plaintiff fails to allege sufficient facts for a viable due process or equal protection claim; (7) Plaintiff fails to allege sufficient facts to state a viable retaliation claim; (8) Plaintiff's state law claims are barred for failure to allege facts indicating compliance with California's Government Tort Claims Act; (9) Plaintiff is not entitled to punitive damages; and (10) many, if not all, of Plaintiff's claims are barred by the doctrine of res judicata. See id. at 2.

Based on counsel's declaration, the Court finds that Defendants have potentially meritorious defense to the claims alleged in Plaintiff's complaint.

### C. Prejudice

Prejudice exists when the ability of the party opposing a motion to set aside entry of defaults to present the case will be hindered if the defaults are set aside. See TCI Group, 244 F.3d at 696. Denial of a quick victory by way of a default judgment does not constitute prejudice. See Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Here, Plaintiff has not presented any argument whatsoever suggesting he will be prejudiced if the defaults are set aside. And, indeed, the Court can identify none.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion, ECF No. 15, to set aside defaults entered on November 3, 2021, ECF No. 7, November 12, 2021, ECF No. 14, are granted;

2.  Plaintiff's motions for default judgment based on these defaults, ECF Nos. 12 and 20, are denied as moot; and

3.  Defendants shall file a response to Plaintiff's complaint within 30 days of the date of this order.

Dated: August 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE