IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CLINT DINGMAN, et al.,<br><br>    Defendants. | No. 2:21-CV-1726-KJM-DMC<br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion, ECF No. 46, to strike Defendants' answers. Defendants have filed an opposition, ECF No. 47. Plaintiff has filed a reply, ECF No. 56. The matter has been submitted without oral argument.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on September 22, 2021. See ECF No. 1. Because Plaintiff paid the filing fees, the Court did not screen Plaintiff's pro se complaint for sufficiency. On September 23, 2021, the Clerk of the Court issued summons for Defendants Clint Dingman, Robert Puckett, Sr., Michele Hanson, Melissa Tulledo, Hornbrook Community Services District (HCSD), and Bruce's Towing/Radiator & Dismantling (Bruce's Towing). See ECF No. 2. On October 25, 2021, process was returned executed as to Defendants Dingman, Hanson, HCSD,

Puckett, and Tulledo. See ECF No. 4. The return of service indicated that all were served on October 5, 2021. See id.

On October 29, 2021, Plaintiff requested entry of defaults as to Defendants Dingman, Hanson, HCSD, Puckett, and Tulledo. See ECF No. 5. On November 1, 2021, Plaintiff requested entry of default as to Defendant Bruce's Towing. See ECF No. 6. On November 3, 2021, the Clerk of the Court entered the defaults of Defendants Dingman, Hanson, Puckett, and Tulledo. See ECF No. 7. On the same day, the Clerk of the Court declined to enter defaults for Defendants HCSD and Bruce's Towing because the record does not indicate proper service for these defendants. See ECF Nos. 8 and 9. On November 8, 2021, Plaintiff filed new returns of process for Defendants HCSD and Bruce's Towing. See ECF Nos. 10 and 11. On the same day, Plaintiff again requested entry of defaults as to Defendants HCSD and Bruce's Towing. See ECF No. 13. These defendants' defaults were entered by the Clerk of the Court on November 12, 2021. See ECF No. 14. On March 15, 2022, Defendant Bruce's Towing was dismissed pursuant to stipulation of the parties. See ECF No. 32.

Plaintiff sought default judgments as against Defendants Dingman, Puckett, Hanson, Tulledo, and HCSD. See ECF Nos. 12 and 20. Defendants sought to set aside all defaults entered on the docket by the Clerk of the Court. See ECF No. 15. On August 17, 2022, the Court issued an order granting Defendants' request to set aside defaults, denying Plaintiff's motions for default judgments, and directing Defendants to file a response to Plaintiff's complaint within 30 days. See ECF No. 34. Defendants timely filed separate answers on September 15, 2022. See ECF Nos. 41, 42, 43, 44, and 45. The answers as to each defendant are identical in substance.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) permits the Court, on its own motion or on motion of a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses are only stricken when they are insufficient on the face of the pleading. See Williams v. Jader Fuel Co., 944 F.2d

1388, 1400 (7th Cir. 1991).  Motions to strike are disfavored and generally seen as a delaying tactic given the limited importance of pleadings in federal court.  See Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011).  As such, courts generally require a showing of prejudice.  See Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012).  If there is doubt, the motion to strike should be denied.  See Holmes v. Elec. Document Processing, Inc., 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

In his motion to strike – which is directed at each of the separate answers filed on September 15, 2022 – Plaintiff argues that the asserted affirmative defenses "are devoid of substantial, relevant, legally-applicable facts, with the great majority being mere 'boilerplate,' so containing no facts in support thereof whatsoever."  ECF No. 46, pg. 2.  Plaintiff has not, however, identified any redundant, immaterial, impertinent, or scandalous matter and a review of Defendants' answers reflects appropriate defenses.  Further, Plaintiff has not demonstrated how he would suffer prejudice in the absence of an order striking defenses.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to strike, ECF No. 46, is denied.

Dated:  November 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE