Michael D. Maloney (SBN 208297)
GREENE & MALONEY, PC
1912 F Street, Suite 110
Sacramento, CA 95811
Tel.: (916) 442-6400
Fax: (916) 266-9285
mmaloney@tedgreenelaw.com

Attorney for Defendant
CLINT DINGMAN, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br>Plaintiff,<br><br>vs.<br><br>CLINT DINGMAN. et al,<br><br>Defendants,<br><br>. | CASE NO. 2:21-CV-01726-KJM-DMC<br><br>**DEFENDANTS' PRE-TRIAL CONFERENCE STATEMENT**<br><br>Pre-Trial Conference: May 23, 2025<br>Time: 1:30pm<br>Courtroom: Via Zoom<br>Judge: Magistrate Judge Dennis M. Cota |

**TO THIS HONORABLE COURT:**

Pursuant to the Court's prior Order, Defendants Clint Dingman, et al.., by and through counsel, submits this Pre-Trial Conference Statement. After meeting and conferring with Plaintiff, this Statement was prepared Defendants only.

**1. Statutory Bases for Jurisdiction and Venue**

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331, and §1343, and as it involves alleged violation of civil rights, and a federal question. This action was commenced in the United States District Court for the Eastern District of California, No. **2:23-CV-01448-DC-DMC**

Venue is proper in the Eastern District of California under 28 U.S.C. §1391 as a substantial

part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

There are no disputes as to jurisdiction and venue.

**2.     Jury-Non-Jury**

Defendants request a non-jury trial.

**3.     Undisputed Facts**

The HCSB had declared a water emergency in 2021, whereby it limited the residents of the Hornbrook Community Association's members to 200 gallons of water a day per household. Two residents (Harrell and Olson) live at 408 Henly Hornbrook Road in Hornbrook, CA. On each of the Association's properties is located a water meter for regulating the water to each property.  The owners/tenants of 408 Henly Hornbrook Road had been using significantly in excess of the mandated 300 gallons of water per day.  After receiving several warnings, the Association was left with no choice but to restrict water usage for the property and had sent several notices to Harrell/Olson.

When representatives of HCSB went to the property to read the water meter, Plaintiff's vehicle and that of the Plaintiff in the Harrell v. Puckett, et al., matter 2:23 CV-1448 KJM-DMC, were parked in such a way as to block a water meter which impeded the community's reading of the water meter.  The Plaintiff refused to move his vehicle (after given every opportunity to do so) and so it was towed at the direction of the Siskiyou County Sheriff's Office.

**4.     Disputed Facts**

There are no disputed facts by Defendants as Defendants had the authority to access the meter on the property and to request that the vehicles be towed.

**5.     Disputed Evidentiary Issues**

Defendants do not anticipate any disputes regarding evidence in this matter,

### 6. Claims and Defenses

<u>Plaintiff's Claims:</u>

As stated in the Complaint and as may be amended upon discovery. Basically, Defendants violated the Constitution of the United States; various California Constitutional provisions and statutes; their own Rules and Regulations; and, their own Bylaws by acting without lawful authority and *ultra vires*; trespassing onto private property; and, initiating seizures and searches of property belonging to Plaintiff and other persons absent any proper notice or other due process; without warrant(s), consent, or exigent circumstances; and while investigating an alleged event/claim against a homeowner that is not even a criminal act if it were true. It is physically impossible for a vehicle to "obstruct" a water meter merely by being parked over it - much less more than one vehicle at a time, and Defendant's actions as to Plaintiff and his property were at all times arbitrary, capricious, oppressive, and malicious; and, the violations of Plaintiff's statutory, Constitutional, and Common-Law rights were undertaken in retaliation for Plaintiff's filing of legal actions against them in the past. Plaintiff objects to, disputes, and does not agree with, any of the factual, legal, and/or circumstantial allegations put forth by Defendants.

### 7. Relief Sought by Plaintiff

Look to Plaintiff's statement for his response.

### 8. Points of Law

Section 5 of the HCSB Rules and Regulations authorizes access to property to for the purpose of reading, repairing or replacing the water service meters. Plaintiff intentionally blocked access to the meter and subsequently, his vehicle was towed after given every opportunity to move his vehicle.

### 9. Abandonment of Issues

Look to Plaintiff's statement for his response.

### 10. Witnesses

The Defendants intend to call the following witnesses:

- Plaintiff
- Peter Harrrell
- Kimberly Olsen
- Robert Puckett
- Clint Dingman
- Michelle Hanson
- Deputy Jacobson, Siskiyou County Sheriff's Department
- Deputy Foster, Siskiyou County Sheriff's Department
- Deputy Johnson, Siskiyou County Sheriff's Department
- Representative of Bruce's Towing
- Representative of the Yreka Police Department

### 11.     Exhibits

The Defendants intend to use the following exhibits at trial:

- Photos of the scene
- Portions of HCSB's Rules and Regulations
- Portions of the California Government Code
- Portions of the Siskiyou County Sheriff's report

Defendant reserves the right to amend this list.

### 12     Discovery Documents

Defendant does not plan to use any discovery responses at trial at this time. However, Defendant reserves the right to amend this list.

### 13.     Further Discovery or Motions

Defendant plans to serve supplemental discovery upon Plaintiff as well as deposing Plaintiff prior to trial

### 14.     Amendments/Dismissals

The case of Harrell v. Puckett, et al., 2:23 CV-1448 KJM-DMC, arises out of the same facts

and incident as the instant matter.  There has been a Related Case filed, but the cases should be consolidated to allow for the resolution of common questions of fact and law in a more efficient manner.  There are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a).

**15.   Settlement Negotiations**

There have been no settlement discussions between the parties as of the date of this statement.

**16.   Agreed Statements**

There are no agreed statements between the parties as of the date of this statement.

**17.   Separate Trial of Issues**

None anticipated.

**18.   Experts Witnesses**

Defendants do not intend to call any expert witnesses at this time.

**19.   Attorney's Fees**

Defendants will seek their attorney's fees due to malicious prosecution of this action.

**20.   Protective Orders**

None anticipated.

**21.   Miscellaneous**

None anticipated.

DATED: May 1, 2025            GREENE & MALONEY, PC.

By: /s/ *Michael D. Maloney*
        MICHAEL D. MALONEY, ESQ.
Attorneys for Defendants
CLINT DINGMAN, ET AL.